76,995-03

March 30, 2015

Anthony D. Lester
TDCJ# 1614571
James Byrd Unit
21 FM 247
Huntsville, Texas 77320

MOTION DISMISSED
DATE: 4-10-15
BY:

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 01 2015
Abel Acosta, Clerk

<u>MOTION FOR CONSIDERATION ON WRIT OF
HABEAS CORPUS, EXPARTE; ANTHONY DEWAYNE LESTER
WR-76,995-02 CAUSE NO.08CR0840-83-2 IN THE 56th
DISTRICT OF GALVESTON COUNTY</u> DUE TO NEW EVIDENCE

On November 19, 2012 Petitioner Anthony Dewayne Lester TDCJ# 1614571 Filed his State Habeas No. WR-76,995-02 in The 56th District Court of Galveston County. Under his claim of Conviction Obtained By Evidence Gained Illegally (Blood Sample) in his Memorandum of Law on pages 1-3, he confirmed with supporting documents (Warrant of Arrest) that his involuntary blood specimen was seized before he was arrested in violation of The Texas Transportation Code 724.012(b). The trial court's response to The Texas Court of Criminal Appeals was that there was no necessity for a fact finding hearing because there was ample evidence from the trial attorney's affidavit and the Trial Court's record to rule on relief sought. (see pg. 140-Trial Court's Response). The trial Court then recommended to The Court of Criminal Appeals, that relief be denied "without" supporting their response with any Finding of Facts and Conclusion of Law. This Court then denied Petitioners State Writ of Habeas on the written Findings of the Trial Court without a hearing. Moving Forward

the Petitioner has been made aware of a recent ruling by The Court of Criminal Appeals, in which they ordered a Trial Court in The 292ND District Court From Dallas County to show The Court of Criminal Appeals in the case Exparte Jerrell Glen Dittman, applicant WR-81,594-03 that he was under arrest before the seizure of his blood specimen Under 724.012(b) of the mandatory-blood-draw Statue. The Court of Criminal Appeals then noted that a peace Officer shall require the taking of a blood Specimen if, among other things," the Officer arrest's the person for an Offense under Chapter 49 Penal Code." § 724.012(b), and if applicant has allegal Facts that, if true might entitle him to relief.

The Petitioner clearly confirmed in his State Writ of Habeas NO. WR-76-995-02, that his involuntary blood specimen was seized 5 1/2 months before he was ever arrested, and in light of this new information of the order from this Court, Petitioner respectfully request the re-examination of the petitioners Claim of Conviction Obtained By Evidence Gained Illegally (Blood Sample) in his State Writ of Habeas by this honorable court. Thank You in advance for your consideration.